DECISION
{¶ 1} By indictment filed March 30, 2000, a Franklin County Grand Jury charged defendant, Nicholas Stanishia, with four counts, including: (1) two counts of aggravated murder in violation of R.C.2903.01, with two capital specifications and a firearm specification on each count; (2) one count of attempted murder in violation of R.C. 2923.02
as it relates to R.C. 2903.02 and a firearm specification; and (3) one count of aggravated burglary in violation of R.C. 2911.11 with a firearm specification.
{¶ 2} After a jury trial, defendant was found guilty on all counts, including all specifications. Following a mitigation hearing, the jury recommended a sentence of life imprisonment without parole on each of the aggravated murder counts.
{¶ 3} For purposes of sentencing, the trial court merged the aggravated murder counts. The court also merged the firearm specifications. In accordance with the jury's recommendation, the court sentenced defendant to life imprisonment without parole on the charge of aggravated murder. The court also imposed a determinate sentence of ten years each on the attempted murder and aggravated burglary counts and a sentence of three years actual incarceration on the firearm specification. The court ordered the sentences to be served consecutively for a total aggregate sentence of life without the possibility of parole plus 23 years. In a timely appeal, defendant asserts the following as error:
{¶ 4} "I. The trial court erred to the prejudice of the defendant-appellant by improperly sentencing him to consecutive terms of actual incarceration in contravention of Ohio's sentencing statutes.
{¶ 5} "II. The trial court erred to the prejudice of the defendant-appellant by improperly sentencing him to terms of actual incarceration which were longer than the minimum term in contravention of Ohio's sentencing laws."
{¶ 6} We will address defendant's assignments of error together. In his first assignment of error, defendant contends that the trial court failed to make the statutory findings required by R.C. 2929.14(E)(4) before imposing consecutive sentences. Defendant maintains in his second assignment of error that the trial court erred by imposing more than the minimum sentences on the attempted murder and aggravated burglary counts without first making the requisite findings on the record pursuant to R.C. 2929.14(B). The state concedes that the trial court failed to make the required findings anywhere in the record, but contends that any error is harmless given that defendant was sentenced to life imprisonment without parole. We agree.
{¶ 7} Ordinarily, a trial court's failure to make the required findings on the record would require remand for resentencing. However, under the circumstances herein, we agree with the state's contention that defendant's "sentence of life without the possibility of parole renders the additional terms irrelevant and the failure [of] the trial court to recite the statutorily required language harmless." A defendant sentenced to life imprisonment without parole pursuant to R.C. 2929.03 is not eligible for parole and must be imprisoned until death, R.C.2967.13(E), and cannot earn credit toward early release. R.C. 2967.193(C). As a result, any other error in sentencing is not prejudicial. See State v. Owens (Sept. 18, 2001), Franklin App. No. 00AP-859.
{¶ 8} Accordingly, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.